MURDOCK, Justice
(concurring in the result).
Because of the unique procedural posture in which the trial court put the father in this case (as described in the main opinion) and because the mother presents no challenge to the particular manner in which the trial court framed the order that is before us at this juncture, I concur in the result reached by the main opinion.
*1012 As to the latter point, the trial court in this proceeding orders the mother “to return the minor child to the State of Alabama.” The trial court, of course, cannot constitutionally order the mother to live in Alabama or in any particular location within Alabama. At this juncture, the mother remains the primary custodian of the child. As the parent and primary custodian of the child, she currently is maintaining her residence and the child’s residence in South Carolina, where her husband is in a four-year medical-residency program. In addition, it is fundamental that, as the parent and primary custodian of the child, the mother is entitled to the “care, custody and control” of her child, see, e.g., Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), including establishing the child’s residence in her home, wherever that' may be. Assuming the mother chooses to continue living in South Carolina, unless and until the trial court orders a change of custody to the father, the mother would be entitled to keep the child with her in South Carolina.
Put differently, the trial court, after applying the applicable burdens of proof and making an appropriate best-interest determination under the Alabama Parenfi-Child Relationship Protection Act, § 30-8-160 et seq., Ala.Code 1975, may order a change of custody to the noncustodial parent conditioned on the refusal of the relocating, custodial parent to return with the child to Alabama. Unless and until it orders a change of custody to the nonrelocating parent, however, it cannot simply order that the child be returned to Alabama. Toler v. Toler, 947 So.2d 416, 423 n. 3 (Ala.Civ.App.2006) (Murdock, J., concurring specially). In the present proceeding, however, the mother does not challenge the manner in which the trial court has framed its order in this case; accordingly, the constitutional and practical deficiencies in that order are not an obstacle to my concurring in the result reached by the main opinion.